LAW OFFICE
# LABE M. RICHMAN
### ATTORNEY AT LAW
305 BROADWAY, SUITE 100
NEW YORK, NY 10007
TEL (212) 227-1914
FAX (212) 267-2129 OR
(866) 621-0914
E-MAIL: Labe@LabeRichman.com
WEB SITE: http://www.LabeRichman.com

November 5, 2007

Hon. Gerard E. Lynch

U.S. District Judge

500 Pearl Street

New York, NY 10007

        Re:    United States v. Ana Lajara Cruz, 07 Cr. 464 (GEL);
               Sentencing Letter

Dear Judge Lynch:

    I am the attorney for this defendant who is scheduled to be sentenced by the Court on November 30, 2007 at 2:30 p.m on a plea to an indictment from the District of New Hampshire charging a violation of 18 U.S.C. 1001, making a false statement to the government. I am writing this letter in lieu of a sentencing memorandum.

    The prosecution of this case is extremely troubling because originally the U.S. Attorney's Offices for the Southern and Eastern Districts declined to prosecute this defendant after learning all the facts. A review of the history of this case demonstrates, indeed, that the case was unworthy of prosecution and that the U.S. Attorney's Office of New Hampshire unnecessarily ruined the life of a good woman whose crime occurred but hurt no one.

    Ana Cruz, a 58 year old, hard-working home care worker with no prior criminal record, came to this country over 35 years ago under false pretenses. She had been mistreated as a child in the Dominican Republic and when she was in her late teens, the only person that had ever loved her, emigrated to New York. She was very depressed and

she accepted the help of friends and her future husband who convinced her to use someone else's birth certificate to enter the country approximately 37 years ago.

She raised a wonderful and successful family. Also, once her children grew, she worked consistently in factories and eventually she obtained home care training and became a competent home care worker for many years, helping the sick and elderly. She obtained numerous certificates and she even earned a home care worker of the month award.

In 2005, her daughter Madeline Cruz won a trip from her job as a pharmaceutical salesperson. To honor her mother, she asked her to come with her on the trip. Even though defendant had not had a passport for over 15 years, she renewed it so that she could accompany her daughter on this trip. That is how she committed an indictable offense because she used the false identity from the birth certificate she was given when she was 20 years old.

The State Department determined that Ms. Cruz might be using an identity that did not belong to her. They contacted her when she was 57 years old and she fully cooperated with them.[1] When the State Department agents informed prosecutors in the Southern and Eastern Districts about the facts of Ms. Cruz's case, they wisely declined to prosecute her. She was a consistent worker, who had paid her taxes, was in a low-paying, helping profession, and had no criminal record. She had come here illegally, but that crime happened over three decades earlier and in the interim she had been an exemplary resident.

However, eight months later, prosecutors in New Hampshire found out that her application for a passport had been processed in their district and, despite the fact that she

---

[1] The PSR notes that she admitted her crime on April 24, 2006. PSR para. 9, p. 4. However, I should also note that in June of 2006 she and I also met with the State Department for a fuller statement. She was fingerprinted on that date, processed by State Department law enforcement, and it was on this date that prosecutors in New York declined to prosecute her.

2

had submitted her renewal application in New York and the New York U. S. Attorneys Offices had declined prosecution, the U.S. Attorney for New Hampshire sought and obtained an indictment of Ms Cruz for a violation of 18 U.S.C. § 1001.

I submitted an application for a deferred prosecution program for Ms. Cruz and I was informed that there was a zero tolerance policy in New Hampshire, a policy that, by definition, could not take into the account the unique sympathetic facts of this case. I was heartbroken as was Ms. Cruz and her family.

Although Ms. Cruz had cooperated fully with the State Department and had fully admitted her crime, the new agents on the case hid the indictment from her. They asked that she come to their offices in New York to tie up some lose ends of the investigation and to turn in any credit cards with the name Ana Elaina Cruz. When she arrived early that morning, the agents surprised her with the indictment and warrant, cuffed her and took her into custody. Because of a back log in cases at arraignments, she was not released until 8 p.m. She was stunned and traumatized by this surprise arrest. I saw her from time to time in custody during that day and I think she cried continuously the whole time. It would have made a huge difference if her honesty with the agents had been returned. She could have prepared herself mentally for the ordeal.

In addition to this punishment, this case has damage her in many other ways. In addition to the stigma of a felony, she lost the job which defined her life in a very positive way, helping the sick and elderly that are home bound. She now has nothing to do with her days. On top of that is the financial penalty of not working. She feels horrible that she has become a dependent of her children. I attach a letter from her daughter, Madeline Cruz, which effectively and emotionally explains the effect this case has had on the defendant and her family. It also gives a very good portrait of the defendant.

An additional financial punishment is the fact that she has made numerous payments into Social Security that she will never see. Furthermore, of course, this case will very likely lead to her deportation which will decimate her entire life. All of her

children and grand children are here and she has no life in the Dominican Republic.

In the government's <u>Pimentel</u> letter, they found her Guidelines range to be a level 4 which is very low. It is true that the Probation Department added six levels because she did not have authority to use the birth certificate of someone else as part of her crime. However, considering the facts of this case, the strict application of the guideline for use of an unauthorized identification document seems unreasonable. Furthermore, since the birth certificate does not include a picture, I am not sure if it counts as an identification document under U.S.S.G. § 2B1.1(b)(10). In summary, since the government did not deem it necessary to add this adjustment in its <u>Pimentel</u> letter, and the other mitigating factors are so strong, the strict application of this adjustment seems unreasonable and unnecessary.

*     *     *

Ms. Cruz is a good person who has already been punished severely for this crime. She has worked steadily in this country in a needed service industry, paid her taxes, has a led a full and productive life in the United States for the past 36 years, has no criminal record, has fully confessed and cooperated with the State Department, has lost her husband, has all of her children and grandchildren here, has lost her means of support, her Social Security, as well as a fulfilling job, and now has the stigma of a felony conviction. The Court should find that defendant has been adequately punished for her offense and it should sentence defendant to an unconditional discharge with no fine.

We thank the Court for its attention to this submission.

Respectfully submitted,

Labe M. Richman

cc: AUSA David O'Neal